UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES JR.<br><br>    Plaintiff,<br><br>v.<br><br>WENDY GRALLA, et al.,<br><br>    Defendants. | Case No. 2:22-cv-00449-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED; OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF Nos. 1 & 2<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that defendants have falsely imprisoned him by failing to release him on the proper date. This claim is not cognizable, but I will give him leave to amend his complaint. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.

1

1  **Screening Order**

2  **I.     Screening and Pleading Requirements**

3  A federal court must screen a prisoner's complaint that seeks relief against a governmental
4  entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable
5  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
6  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
7  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
9  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
10  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
11  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
12  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
13  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
14  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
15  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
16  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
17  n.2 (9th Cir. 2006) (en banc) (citations omitted).

18  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
19  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
20  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
21  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
22  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
23  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
24  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25
26
27
28

**II.     Analysis**

Plaintiff alleges that the defendants have violated his rights by failing to acknowledge his proper release date. ECF No. 1 at 6. He claims, therefore, that they have falsely imprisoned him. *Id.* at 5. This claim should be brought, if at all, by way of a habeas petition. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." *Muhammad v. Close*, 540 U.S. 749, 750, 754 (2004) (citation omitted). This is true even where, as here, plaintiff seeks monetary damages related to the failure to release him. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Plaintiff may file an amended complaint that addresses these shortcomings. If he decides to do so, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or state his intent to stand by the current complaint, subjecting to a recommendation of dismissal for failure to state a claim.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   July 13, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3