UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>WENDY GRALLA, *et al.*,<br><br>  Defendants. | Case No. 2:22-cv-00449-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PERPETUATE TESTIMONY<br><br>ECF No. 15<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 13<br><br>THIRTY-DAY DEADLINE |

    Plaintiff, a state prisoner, alleges that defendants violated his rights by prolonging his sentence and failing to release him on the correct date. ECF No. 13 at 5-6. These allegations are non-cognizable in a section 1983 action insofar as succeeding in this suit would appear necessarily to result in an earlier release date; such claims must be brought in an action for habeas corpus relief. I will give plaintiff leave to amend so that he may either indicate his desire to convert this action into one for habeas corpus relief or explain why his claims are appropriate in a

1

section 1983 action. I will deny without prejudice plaintiff's motion to perpetuate testimony.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff's allegations all implicate defendants' failure to release him on an allegedly proper, earlier date. *See, e.g.*, ECF No. 13 at 8 (alleging that defendant Anderson wrongfully delayed his release date by over a year). Thus, success in this suit would appear to necessarily result in an earlier release from prison; such claims would need to be brought, if at all, in a habeas action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement).

Plaintiff may proceed by either indicating his intent to convert this action into one for habeas corpus or he may file another amended complaint explaining why his claims should be allowed to proceed under section 1983. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either advise the court of his intent to convert this action into one for habeas corpus or file another amended complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form and a habeas form. Plaintiff should file one form or the other, **not both**, in response to this order.

4. Plaintiff's motion to perpetuate testimony, ECF No. 15, is DENIED without prejudice insofar as it seeks discovery and factual development of the underlying claims. Discovery will be scheduled if and when this case proceeds past screening.

IT IS SO ORDERED.

Dated: __November 3, 2022__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE