Kevin Jones Jr.
_____
Name and Prisoner/Booking Number

Mens Central Jail
_____
Place of Confinement

441 Bauchet Street
_____
Mailing Address

Los Angeles, CA 90012
_____
City, State, Zip Code

**FILED**

DEC 19 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Kevin Jones Jr.
_____,
(Full Name of Plaintiff)        Plaintiff,

v.

(1) Wendy Gralla
_____,
(Full Name of Defendant)

(2)        et al.
_____,

(3) _____,

(4) _____,
                Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO 2:22-cv-00449-DAD-JDP
        (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: High Desert State Prison
      _____.

## B. DEFENDANTS

1. Name of first Defendant: __Wendy Gralla__ . The first Defendant is employed as:
__a Case Records Analyst__ at __High Desert State Prison__ .
(Position and Title)                                  (Institution)

2. Name of second Defendant: __K. Anderson__ . The second Defendant is employed as:
__a Case Records Administrator__ at __High Desert State Prison__ .
(Position and Title)                                  (Institution)

3. Name of third Defendant: __Cristal Oliver__ . The third Defendant is employed as:
__a Case Records Analyst__ at __High Desert State Prison__ .
(Position and Title)                                  (Institution)

4. Name of fourth Defendant: __Arin Mauck__ . The fourth Defendant is employed as:
__a Case Records Analyst__ at __High Desert State Prison__ .
(Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __2__ . Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: __Kevin Jones Jr.__ v. __High Desert State Prison et al.__
   2. Court and case number: __2:22-cv-1235-TLN-EFB (PC) USDC Eastern Dist.__
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Still Pending__

b. Second prior lawsuit:
   1. Parties: __Kevin Jones Jr.__ v. __John Martin et al.__
   2. Court and case number: __2:22-cv-06210-GW-PLA USDC Central Dist.__
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Still Pending__

c. Third prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

5. Name of fifth Defendant ___John Doe___ is employed as a
   ___ ___ ___ ___ at High Desert State Prison.

6. Name of sixth Defendant ___Amy Milton___ is employed as a
   ___District Attorney___ at the LA County District Attorneys Office.


   * John Does are to be announced.

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain Message–Id: Subject:Activity in Case 2:22–cv–00449–DAD–JDP (PC) Jones v. Gralla et al Order on Motion for Miscellaneous Relief. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e–mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *There is no charge for viewing opinions.*

### U.S. District Court

### Eastern District of California – Live System

**Notice of Electronic Filing**

The following transaction was entered on 11/3/2022 at 11:42 AM PDT and filed on 11/3/2022

| | |
|---|---|
| *Case Name:* | (PC) Jones v. Gralla et al |
| *Case Number:* | 2:22–cv–00449–DAD–JDP |
| *Filer:* | |

*Document Number:* 19

*Docket Text:*
**ORDER signed by Magistrate Judge Jeremy D. Peterson on 11/03/22 DENYING [15] Motion to perpetuate testimony. Within thirty days from the service of this order, plaintiff must either advise the court of his intent to convert this action into one for habeas corpus or file another amended complaint. The Clerk of Court is directed to send plaintiff a complaint form and a habeas form.Plaintiff should file one form or the other, not both, in response to this order. (Plummer, M)**

2:22–cv–00449–DAD–JDP Notice has been electronically mailed to:

2:22–cv–00449–DAD–JDP Electronically filed documents must be served conventionally by the filer to:

Kevin Jones, Jr
BN–1503 / 6471952
LOS ANGELES COUNTY MEN'S CENTRAL JAIL
441 BAUCHET ST.
LOS ANGELES, CA 90012

The following document(s) are associated with this transaction:

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: __8th Amendment Cruel & Unusual Punishment__.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☒ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. Plaintiff was convicted on 1 count 187(a), 2 counts 664/187(a) 2 counts 245 and 1 count 246 after a guilty verdict on February 21, 2006. He received a term of imprisonment for 75 years to life plus 5 years. Those convictions were ultimately overturned on July 22, 2016 in case no. 13-56360 Jones vs. Harrington (9th Cir.) or 829 F. 3d 1128. Plaintiff was ordered released from any further restraint on his liberty due to his arrest and conviction and sentence in case no. BA254741-02 by Honorable George H. Wu of the USDC Central District. The order of November 10, 2016 told the trial court to have plaintiff in trial by February 10, 2017 or release him if trial was not an option. Two Superior Court Judges allowed the very evidence into plaintiffs re-trial(s) that the Ninth Circuit forbade. Plaintiff was convicted a second time on August 23, 2017 and he received 50 years to life plus 5 years in state prison. He appealed again and on November 22, 2019 the California Court of Appeal reversed again and ruled that plaintiffs statement(s) plural should have never been used in the first place and they were inadmissible. Plaintiff stayed at CDCR's Salinas Valley State Prisons Building 4 cell 212 for 103 days following his second reversal

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _____
   _____
   _____

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes  ☐ No

   b. Did you submit a request for administrative relief on Claim I?            ☐ Yes  ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?   ☐ Yes  ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                      ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?                                    ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?                           ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

4

Supporting Facts Cont'd...

... Plaintiff was taken to the LA County Jail on March 5, 2020 and booked a 3rd time on the very case that he was told by Defendant John Martin in case no. 2:22-cv-06210-GW-PLA, Kevin Jones Jr. vs. John Martin et al. would never be charged again per a phone call from the ~~the~~ LA County District Attorneys office on March 4, 2020.

After plaintiff was charged again, the LA County DA's office refused to dismiss the case despite insufficient evidence and the ruling(s) and decisions in the first appellate court opinion of 2016 [and] in case no. B286506 People vs. Jones Ⅱ. Plaintiff ultimately pled no contest to 1 count voluntary manslaughter to run concurrent with 1 count 246 pc with an admitted 186.22 (B)(1)(C) allegation totaling 21 years and 0 months in state prison. Plaintiffs attorney of record at the time Ms. Louisa Pensanti Bar no. 29988, called CDCR and verified plaintiffs custody credits of 7,165 days of actual custody credits and 934 days of Good Conduct Credit. The nature of plaintiffs and his counsels consultation was a time served negotiation and the ultimate assurance was that he would receive time served and a court release if he pled no contest to the charges because per the California sentencing guidelines, plaintiff would only be required to serve 85 percent of his term. Judge Renee Korn at the time of sentencing assured plaintiff that he was, in fact, released however, he had to be released from prison because the law forbade a court release. Moreover, the judge told plaintiff that the release process could take one day, two days, or two weeks." At plaintiffs Habeas Corpus hearings of October 11, and November 7, 2022, Judge Korn recognized on record that she had in fact, told plaintiff that he was released "2 years ago." The judge

I just had A moment 4 Life,
Im fucking Barbies,
Imee capital B,
  "Barbus"
Pray we land
    charters
 Pray we Land
       Arcers
We are Not the same,
the tetture is Oator,
 2 B Honest,
Them crocs
 aint Gators ,

Supporting Facts Cont'd...

... also acknowledged that the sole purpose of the Habeas Hearing was because plaintiff had claimed that serving more than 85 percent of his term was not apart of his plea agreement, and that CDCR had misappropriately forfeited his custody credits in a retaliatory fashion. Plaintiffs attorney of 2020 testified under oath telling the judge that she told plaintiff that he would be released approximately 6 months following his sentencing. As that statement was inconsistent with her own words in HER declaration Defendant Amy Milton in her individual capacity intentionally misinformed and manipulated Judge Korn into believing that plaintiff didn't take his plea deal based on I.I.E.D., but rather he took the deal because of his fear of being convicted a 3rd time and receiving a greater sentence. Defendant Milton intentionally lied to Judge Korn and she took advantage of plaintiffs attorneys unfamiliarity with the case history by telling them that plaintiff received 50 years to life plus 5 years after the first conviction, THEN 75 years to life plus 5 years after the second conviction, so he took the deal because he was scared to get convicted a 3rd time and receive a greater sentence. The judge took Ms. Pensantis and Ms. Miltons word over plaintiffs and his true case history and records and denied the Habeas Corpus.

Plaintiffs release date is January 26, 2023 and the fact that he has no further court proceedings regarding the cruel & unusual act of Defendants Wendy Gralla et al., his allegations are cognizable in this section 1983 claim because the defendants cruel and unusual punishment led to plaintiffs current false

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain Message–Id: Subject:Activity in Case 2:22–cv–00449–DAD–JDP (PC) Jones v. Gralla et al . Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e–mail because the mail box is unattended.*
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### Eastern District of California – Live System

**Notice of Electronic Filing**

The following transaction was entered on 10/6/2022 at 12:05 PM PDT and filed on 10/6/2022

*Case Name:*          (PC) Jones v. Gralla et al
*Case Number:*     2:22–cv–00449–DAD–JDP
*Filer:*
*Document Number:* 17

*Docket Text:*
 **ORDER DIRECTING MONTHLY PAYMENTS be made from the Prison Trust Account of Kevin Jones, Jr. signed by Magistrate Judge Jeremy D. Peterson on 10/5/2022.The appropriate agency shall collect an initial partial filing fee and thereafter the balance in monthly payments and forward to the Clerk until the $350.00 filing fee is paid in full. The Clerk is directed to serve this order and copy of plaintiff's IFP on the Director of CDCR. The Clerk shall also serve Financial with a copy of this order. (cc: CDCR, Financial)(Yin, K)**

**2:22–cv–00449–DAD–JDP Notice has been electronically mailed to:**

**2:22–cv–00449–DAD–JDP Electronically filed documents must be served conventionally by the filer to:**

Kevin Jones, Jr
BN–1503
LOS ANGELES COUNTY MEN'S CENTRAL JAIL
441 BAUCHET ST.
LOS ANGELES, CA 90012

The following document(s) are associated with this transaction:

...imprisonment. Moreover, plaintiff has no other relief available and he is stuck in the LA County Jail serving out his full sentence because all Case Records defendant not only refused to honor that plaintiff was entitled to 103 more days of CDCR actual days and 20 more days of CDCR Good Conduct Credit following his November 2019 reversal, they all saw that Defendant Gralla logged onto department records on October 20, 2021 and she discovered that plaintiff wasn't actually taken to LA County Jail until March 5, 2020. CDCR received multiple requests for interviews from plaintiff regarding that issue and on April 6, 2022 Defendant Oliver responded to the 'RFI' he submitted on April 3, 2022 and she assured him that the possession for alcohol 'write up" that he claimed he was owed 61 days for HAD NO EFFECT ON HIS CURRENT TERM and [it] was from his prior term. Defendant Olivers response to plaintiff confirmed that NONE of his other RVR's could be used towards his new term to make him do more than 85 percent of his term. Plaintiff counsel read Defendant Olivers response into the record 3 times on October 11, 2022 and [it] was ignored. by all opposing parties. If plaintiff had DENIED the

Supporting Facts Cont'd...

State prison transfer in 2021 when his release date was put in the LASD system as July 21, 2021, he would have been released from custody and 1 year of parole would have been completed. More specifically, his release date was put in the computer system according to the 85 percent credit calculation for determinately sentenced inmates and that action was done by CDCR. Plaintiff has not consented to his confinement, and his confinement is in no way beneficial. He is housed with inmates who are still going to court in serious case. Plaintiff took his deal to get out of jail, not stay. The actions of each Defendant was malicious, vindictive and for the sole purpose to keep plaintiff incarcerated. A act that was cruel & unusual.

## E. REQUEST FOR RELIEF

State the relief you are seeking: _punitive damages $ 200,000_
_compensatory_
_damages $ 800,000_

_Declaratory & injunctive relief_
_Attorney fees_
_Deny defendants summary judgment_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___December 3, 2022___
DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Claim III?      ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?      ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5