1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   KEVIN JONES JR.,                          Case No.  2:22-cv-00449-DAD-JDP (PC)

11                  Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                                THAT THE SECOND AMENDED
12          v.                                  COMPLAINT BE DISMISSED WITH
                                                PREJUDICE
13   WENDY GRALLA, *et al.*,
                                                ECF No. 20
14                  Defendants.
                                                FOURTEEN-DAY DEADLINE FOR
15                                              OBJECTIONS

16

17

18

19

20          Plaintiff, a state prisoner, alleges in this section 1983 action that defendants violated his

21   rights by prolonging his sentence and failing to release him on the correct date.  ECF No. 20 at 5,

22   7, & 9.  These allegations are non-cognizable insofar as succeeding in this suit would appear to

23   necessarily result in an earlier release date; these claims should, therefore, be brought in a habeas

24   action.  I informed plaintiff of this in my previous screening order and offered him an opportunity

25   to convert this action into a habeas petition.  ECF No. 19.  He declined to convert and filed

26   another amended complaint.  Given that his claims remain unchanged, I recommend that this

27   action be dismissed.

28

                                                1

**Screening Order**

### I.        Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II.        Analysis

As in his last complaint, plaintiff's allegations continue to implicate defendants' failure to release him on an earlier date. *See* ECF No. 20 at 9 (alleging that his correct release date is January 26, 2023, and that defendants' continued custody over him constitutes false arrest and

1    cruel and unusual punishment).  Thus, success in this suit would necessarily result in an earlier

2    release from prison and the claims must be brought, if at all, in a habeas action.  *See Wilkinson v.*

3    *Dotson*, 544 U.S. 74, 78 (2005) (habeas corpus is the sole remedy for a prisoner challenging the

4    fact or duration of his confinement); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016)

5    (same).  Plaintiff argues that this action should still proceed under section 1983 because "he has

6    no further court proceedings" and defendants' failure to release him contravenes the Eighth

7    Amendment's prohibition on cruel and unusual punishment.  ECF No. 20 at 9, 11.  The fact that

8    there are no additional court proceedings at the state level does not provide a basis for proceeding

9    under section 1983.  And a plaintiff may not convert a habeas claim into one under section 1983

10   merely by construing a failure to grant release as a violation of his Eighth Amendment rights.  *See*

11   *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("Just as a cause of action for malicious

12   prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor,

13   so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or

14   sentence does not accrue until the conviction or sentence has been invalidated.") (internal

15   citations omitted).

16        The question of whether to convert this action into a habeas petition has been settled by

17   plaintiff's decision to persist with section 1983 complaints.  As noted above, I offered plaintiff the

18   chance to convert his action in my previous screening order, and he declined.  Moreover, given

19   that plaintiff is now housed in the Los Angeles County Jail, the defendants named in this action

20   are no longer the proper respondents in a habeas action.  It is also uncertain whether venue for a

21   habeas petition would be proper in this district.  Thus, I decline to recommend that this action be

22   converted.  If plaintiff disagrees with this decision, he may address the issue in any objections he

23   chooses to file.

24        Accordingly, it is RECOMMENDED that the Second Amended Complaint, ECF No. 20,

25   be DISMISSED with prejudice and without further leave to amend.

26        These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4